# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JAMES D. HILL**
**United States Army, Appellant**

ARMY 20120795

Headquarters, 1st Calvary Division
Gregory Gross, Military Judge (arraignment)
Patricia Lewis, Military Judge (trial)
Colonel R. Tideman Penland, Jr., Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Robert H. Meek, III, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major A.G. Courie, III, JA; Major Daniel D. Derner, JA; Captain Christopher A. Clausen, JA (on brief).

30 October 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A panel composed of officer members sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of aggravated sexual assault and one specification of abusive sexual contact in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2006) [hereinafter UCMJ].[1]  The panel sentenced appellant to a bad-conduct discharge, confinement for four years, total forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence.

Appellant raises three assignments of error: the government's post-trial processing delay was excessive; ineffective assistance of counsel; and an

---

[1] Following pleas but before findings, the government withdrew two specifications alleging assault with intent to commit rape in violation of Article 134, UCMJ.

unreasonable multiplication of charges.[2] The first allegation of error warrants discussion and relief. The second allegation lacks merit. As to the third allegation of error we find relief is appropriate without reaching the unreasonable multiplication issue.

## BACKGROUND

### 1. Specification 2 of The Charge

Appellant was charged with and found guilty of the following offenses:

THE CHARGE: VIOLATION OF THE UCMJ, ARTICLE 120

> SPECIFICATION 1: In that [appellant], U.S. Army, did, at or near Fort Hood, Texas, between on or about 1 April 2008 and 11 April 2008, engage in a sexual act, to wit: contact between the penis and the vulva involving penetration, with VS, who was substantially incapacitated.

> SPECIFICATION 2: In that [appellant], U.S. Army, did, at or near Fort Hood, Texas, between on or about 1 April 2008 and 11 April 2008, engage in sexual contact, to wit: intentional touching the genitalia or anus, of VS, by doing so when VS was substantially incapacitated.

Before trial, appellant made a motion requesting, *inter alia*, that the military judge dismiss Specification 2 of The Charge for findings as an unreasonable multiplication of Specification 1 of The Charge, as both covered the same offense. The military judge deferred ruling on this motion until the close of evidence on findings.

This case involved a victim, VS, who was incapacitated due to alcohol consumption and had no memory of the sexual assault perpetrated by the appellant. The assault occurred in the bedroom of an apartment following a gathering of several enlisted soldiers. Two of these soldiers put VS to bed due to the state of her intoxication. She awoke the next morning on the floor of the bedroom naked from the waist down and felt soreness in her vagina and discovered bleeding.

The government called two eyewitnesses, Specialist (SPC) AM and Private (PVT) JP. At some point during the evening or early the next morning, SPC AM and PVT JP simultaneously looked into the room where VS was resting only to find appellant on top of VS in what SPC AM described as a "missionary" style position. Both VS and appellant were naked from the waist down.

---

[2] Appellant also raises several issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), none of which merit discussion or relief.

The only physical evidence of sexual assault was provided by PW, the SANE nurse who examined VS days after the assault. PW found abrasions in and around VS's vaginal area which indicated VS suffered a trauma consistent with penetration. PW also found abrasions in VS's perianal area. PW testified during cross-examination that she could not say what caused these injuries based on the examination alone. The government provided no evidence showing the abrasions to the victim's vulva, genital or anal areas were the result of touching by any particular part of appellant's body.

After the close of the evidence, defense counsel again raised the multiplicity issue. Trial counsel argued that the Specifications of The Charge were "completely different" offenses and were permissible alternate theories of criminality that did not stand in relation as a greater and lesser-included offense. In that regard, Specification 2 would be encompassed by Specification 1 if the panel found appellant penetrated the victim's vulva with his penis. However, if the members found the evidence sufficient to prove Specification 1, they could find appellant guilty of Specification 2 if they also found touching of the victim's genitals or anus in some other manner.

The military judge ruled that the Specifications of The Charge remained separate for findings and later instructed the panel on the elements for each offense. The military judge did not instruct that a finding of guilty as to one specification necessarily required a finding of not guilty as to the other. She also did not instruct the members in making findings by exceptions and substitutions if they found appellant guilty of Specification 2.

During closing arguments, trial counsel set forth the government's theory of the case and the gravamen of appellant's offense in stating:

> Now, the judge instructed you on the elements of the crimes here on the Charge sheet, and she also told you that we withdrew two of the Charges, and that's because this isn't about an assault with him taking her clothes off. This is about a sexual assault. It's the accused raping [VS]. I'd like to just talk about the elements for a minute, and I'm only going to talk about the elements for aggravated sexual assault, because that's really what this is all about. It's about aggravated sexual assault, and the first element is a sex act, and a sex act means penetration of the vagina, however slight.

Trial counsel did not address Specification 2 of The Charge during argument or on rebuttal.

## 2. *Post-trial delay*

Appellant's court-martial concluded on 15 August 2012. Defense counsel received the record of trial for review on 13 April 2013 and completed review on 5 August 2013. Defense counsel requested speedy post-trial processing on 1 August

2013. The military judge authenticated the record of trial on 29 August 2013. The staff judge advocate signed his recommendation (SJAR) on 23 September 2013 and served it in conjunction with the authenticated record of trial on the new defense counsel on 17 November 2013. With a granted extension, defense counsel submitted post-trial matters on behalf of appellant on 16 January 2014. The convening authority took initial action on the case on 20 February 2014. This court received the record of trial on 20 March 2014, 582 days after the conclusion of the trial.

## LAW AND DISCUSSION

### 1. *Specification 2 of The Charge*

This court may affirm only such findings as it finds correct in law and fact and determines, on the basis of the record, should be approved. Art. 69(c), UCMJ.

Upon a thorough review of the record, it is unclear to this Court the basis for the panel's finding of guilty as to Specification 2 of The Charge. On the one hand, trial counsel alleged that this specification reflected a possible lesser-included offense of Specification 1. On the other hand, trial counsel argued that this specification could also support a finding of guilty for some other form of touching that was unidentified and unsupported by any evidence of record. During argument, trial counsel all but conceded Specification 2 was a lesser-included offense and not a stand-alone allegation and, thus, was charged in the alternative. The military judge added to the confusion by not instructing the panel to treat Specification 2 as an alternate theory of guilt exclusive of Specification 1 or, if the panel believed other evidence supported a finding of guilt independent of Specification 1, to reflect the basis for that finding through exceptions and substitutions.

Accordingly, based on the unique facts of this case and the lack of specificity in the member's findings, we are compelled to set aside the findings of guilty and dismiss Specification 2 of The Charge.

### 2. *Post-trial delay*

Taking over 550 days to process appellant's case from trial completion to docketing at this court is presumptively unreasonable. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). In the face of this lengthy delay, our next step is to apply and balance the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), in order to determine whether appellant's due process rights were violated. In this regard, we find the appellant has not demonstrated any prejudice as a result of this delay.

Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of appellant's sentence in light of this excessive delay. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002). After consideration of the entire record, we conclude

HILL—ARMY 20120795

appellant's case warrants relief in the form of a forty-five day reduction in confinement under Article 66(c), UCMJ, for the unreasonable post-trial delay. *See Tardif*, 57 M.J. at 224.

## CONCLUSION

The finding of guilty of Specification 2 of The Charge is set aside and that specification is dismissed. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the entire record, and applying the principles of *United States v. Sales,* 22 M.J. 305, 308 (C.M.A. 1986) and the factors set forth in *United States v. Winklemann,* 73 M.J. 11, 15-16 (C.A.A.F. 2013), we are confident the panel would have adjudged the same sentence. The military judge, in merging the specifications for sentencing, removed any taint caused by the presence of Specification 2. However, based on an excessive post-trial delay, we AFFIRM only so much of his sentence as provides for a bad-conduct discharge, confinement for three years and 320 days, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

JOHN P. TAITT
Deputy Clerk of Court

5